## Lengyel v. Republic National Life Insurance Company

*James B. Yelovich,* for plaintiff.
*George E. McGrann,* for defendant.

SHAULIS, *J.*, June 24, 1983. — This assumpsit action was instituted by plaintiff against defendant insurer to recover benefits allegedly due on an accident policy for total disability benefits. Defendant has refused to pay for the reason that plaintiff was not allegedly totally disabled within the meaning of the policy which defines total disability as follows (Policy Page 4).

"Total Disability. If injuries are sustained by the insurer and within thirty days from date of accident, independently of all other causes, wholly and continuously disable the insured, the company will pay for the period of such loss of time, but not exceeding the period specified in the policy schedule, monthly indemnity at the rate specified in the policy schedule; provided, however, that in no event will monthly indemnity be paid for more than twelve months following the insured's sixty-fifth birthday."

This court dismissed plaintiff's complaint since the evidence presented at trial established that plaintiff's accident occurred in December, 1974, and the disability occurred in February, 1976. The nonjury decision was premised in part on our opinion dated April 14, 1981, denying defendant's motion for summary judgment wherein we held that the 30 day limitation clause in the policy was valid and enforceable.

## DISCUSSION

We still believe, after re-examining this case, that the 30 day limitation clause is valid; however, the delay between the accident and disability should not prevent plaintiff from recovering benefits.

"The 'process of nature' rule holds that, within the meaning of policy provisions requiring disability

within a specified time after the accident, the onset of disability relates back to the time of the accident itself whenever the disability arises directly from the accident 'within such time as the process of nature consumes in bringing the person affected to a state of total [disability].' (Schilk v. Benefit Trust Life Ins. Co. (1969) 273 Cal. App. 2d 302, 307, 78 Cal. Rptr. 60, 63)" Wildden v. Washington Nat. Ins. Co., 135 Cal Rptr. 69, 557 P.2d 501, 503 (1976). See also: Validity and Construction of Accident Insurance Policy Provision Making Benefits Conditional on Disability Occurring Immediately, or at Once, or Within Specified Time of Accident, 39 A.L.R. 3d 1026. Thus, the date of total disability relates back to the date of accident regardless of the fact that the total disability did not occur within the time period set forth in the insurance policy.

The rationale for this rule can be located in Schilk v. Benefit Trust Life Ins. Co., 273 Cal. App. 2d 302, 306, 78 Cal. Rptr. 60, 39 A.L.R. 3d 1019, 1024 (1969) citing and quoting Rathbun v. Indemnity Co., 107 Neb. 18, 184 N.W. 903, 24 (A.L.R.) 191:

"[I]t was a matter of common knowledge that in a large majority of instances in which bodily injuries are received, the real nature and extent of injuries are not revealed until some time in the future and after the first pains have passed away. The court said: 'The injured part often lies dormant for an indefinite period, with but little or no consciousness of its existence by the person injured, although from the very moment of the accident, perhaps the process of nature may be busily engaged in developing what may have seemed to be but a slight hurt into a most serious and perhaps fatal injury.' The weight of authority is that in such instances, the disability is held to be continuous from the date of the

accident."

Although we have not discovered any Pennsylvania cases that have dealt with the "process of nature" rule, we feel that in this instance, the facts provide an opportunity for its application.

We have previously found that plaintiff was totally and continuously disabled from the accident that occurred in December 1974. But we denied recovery on the basis that the disability occurred in February, 1976, not within thirty (30) days of the accident. The "process of nature" rule would disregard this time difference. The end result would be that the 30 day time period is satisfied.

Here, we have a plaintiff who is well known and respected in the community. His reputation is that of a hard worker and not a quitter. If plaintiff is unable to collect benefits under the policy due to the time lapse, he would in essence, be punished for attempting to work. This, we believe, would encourage an injured individual to not work in fear of possibly losing disability benefits. Encouragement of this type is, in our view, against public policy.

For these reasons, we adopt and apply the "process of nature" rule. Accordingly, plaintiff's injury and disability are viewed as occurring on the same date. Consequently, plaintiff is entitled to his disability benefits.

## ORDER

Now, this June 24, 1983, plaintiff's exceptions are sustained. The prothonotary is directed to enter judgment for plaintiff in the amount of $240 per month for 12 months from the period February, 1976 through January, 1977 and an additional sum

of $120 per month for 120 additional months, with interest and costs of suit.

I concur in the result:

Charles H. Coffroth, P.J.